UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

    Plaintiff,

v.                                                                Case No. 21-cv-1065-pp

ROBERT HUMPHREYS, KELLY SALINAS,
CPS SABISH, OFFICER HEINRICH,
CAPT CAMPBELL, LT. WINTERS,
and JOHN/JANE DOE,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT

    Plaintiff Jonathon Mark filed suit alleging that the defendants violated his constitutional rights when he was confined in a Wisconsin Department of Corrections (DOC) institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. This order resolves that motion and screens the complaint.

### I. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 3)

    To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is employed, his total

---

[1] The plaintiff currently is not confined in prison and he was not a prisoner when he filed this case.

monthly wages are $400 and his monthly expenses are about $600. Dkt. No. 3 at 2. The plaintiff also states that he helps incarcerated individuals with their criminal cases, which is a heavy burden on his finances. Id. at 4. Based on the information in the plaintiff's motion, the court concludes that the plaintiff does not have the ability to prepay the filing fee and it will grant his motion to proceed without prepaying the filing fee.

The court advises the plaintiff that he still is liable for the full filing fee. Every person a court allows to proceed without prepaying the filing fee is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre-payment* of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (emphasis added); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

**II. Screening of Complaint**

    A.    Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must

2

contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    Plaintiff's Allegations

The plaintiff sues six defendants who work for the DOC: Robert Humphreys, Kelly Salinas, CPS Sabish, Officer Heinrich, Capt. Campbell and Lt. Winters. Dkt. No. 1 at 1-2. He also sues John/Jane Doe who works for the DOC. Id. at 3. The plaintiff alleges several unrelated violations of his constitutional rights.

First, the plaintiff alleges that on January 29, 2018, the "administrative sgt." fired him from his job in retaliation for the plaintiff filing a complaint with him regarding the job. Id. at 3, ¶1. The plaintiff states that between January 25, 2018 and January 29, 2018, the administrative sergeant. and his

3

immediate supervisor conspired to retaliate against the plaintiff and that the result of the conspiracy was to have the plaintiff fired from his job. Id. at 3, ¶2.

Second, the plaintiff alleges that on March 15, 2021 and possibly on other dates, Humphreys provided false information in his decisions as the reviewing authority and as the warden to corrupt the Inmate Complaint Review System, in violation of DOC work rules, policies and procedures as well as the plaintiff's due process rights. Id. at 3, ¶3. The plaintiff also alleges that on March 15, 2021, Salinas provided false information in her decision as the institution complaint examiner. Id. at 4, ¶4.

Third, the plaintiff alleges that between January 1, 2018 and April 18, 2018, Humphreys and Salinas provided false information in their decisions as reviewing authority and institution complaint examiner, in violation of DOC rules as well as the plaintiff's due process rights. Id. at 4, ¶5.

Fourth, the plaintiff alleges that on October 22, 2018, he was placed in "TLU" in retaliation for filing a complaint with staff. Id. at 4, ¶6. The plaintiff believes Sabish and/or John/Jane Does placed him in TLU. Id. He says that Sabish conspired with unknown staff to retaliate against him by placing him in TLU and giving him a conduct report. Id. at 4, ¶7.

Fifth, the plaintiff alleges that on October 23, 2018, Campbell and non-defendants William Pollard and Jennifer McDermott obstructed the plaintiff's ability to file a writ of *certiorari* challenging a previous conduct report by taking his legal materials, so he missed the forty-five-day statutory filing deadline. Id. at 4, ¶¶8-9.

Sixth, the plaintiff alleges that between the date he arrived on Unit 8 until December 14, 2018, Heinrich falsified warnings and conduct reports to several inmates and to the plaintiff, and that the plaintiff has been punished

4

based on this false information. Id. at 5, ¶10. The plaintiff also states that during that period, Heinrich, Winters, Sabish and other officers conspired to provide false information against the Unit 8 inmates and the plaintiff, and that the plaintiff was punished based on the false information. Id. at 5, ¶11. The plaintiff alleges that on December 14, 2018, Sabish retaliated against him for filing complaints and he was placed in TLU. Id. at 5, ¶12. He also states that between December 10 and 14, 2018, Sablish conspired with unknown prison staff to place the plaintiff in TLU to retaliate against him for filing inmate complaints. Id. at 5, ¶13.

The plaintiff seeks nominal, compensatory and punitive damages for the alleged violations of his rights under federal law. Id. at 6-7.

C.    Analysis

Over a two-week period between December 16, 2020 and January 7, 2021, the plaintiff filed seventeen lawsuits in the Eastern District of Wisconsin, all of which were assigned to this judge. Case Nos 20-cv-1858, 20-cv-1859, 20-cv-1860, 20-cv-1861, 20-cv-1862, 20-cv-1863, 20-cv-1885, 20-cv-1886, 20-cv-1905, 20-cv-1906, 20-cv-1907, 20-cv-1908, 20-cv-1909, 20-cv-1910, 21-cv-23, 21-cv-24 and 21-cv-30. The court held a status conference on March 9, 2021, advising the plaintiff that this number of filings in such a short period was unusual, that some of the complaints were duplicative and that most did not state sufficient facts to state a claim. Mark v. Jodar, Case No. 20-cv-1858 at Dkt. No. 6, page 1. The plaintiff explained that he thought he had to file a separate lawsuit for each incident and that he'd been concerned that the court would reject complaints that involved more than one claim or claims involving incidents that occurred on different dates. Id. "The court explained that the plaintiff could either combine multiple claims against the same defendant, or

5

he could file a complaint addressing a single claim even if the claim covered several incidents, as long as it involved the same defendant or defendants." Id. at 1-2. The upshot of this hearing was that the court told the plaintiff that if, within thirty days, he reduced the number of cases he'd filed, the court would not require him to pay the filing fee in all seventeen cases; he'd be required to pay the fee only for those cases he did not seek to dismiss. Id. at 2. The plaintiff filed motions to dismiss in all seventeen cases, and the court dismissed all of them without requiring him to pay any filing fees.

The plaintiff since has filed two new cases, Mark v. Jess, *et al.*, Case No. 21-cv-1189 (filed on October 13, 2021) and this case, filed on September 13, 2021. The court greatly appreciates the plaintiff's efforts to reduce his cases from seventeen to two. Unfortunately, however, he has reduced his cases to such an extent that now the two new complaints suffer from the defect he told the court at the March 9, 2021 hearing that he was worried about—he has included multiple, unrelated claims against different defendants in the same complaints. The court realizes that this is confusing: filing a separate complaint for each individual incident against each individual plaintiff if expensive and clogs the court's docket, while combining lots of claims against lots of defendants into one case violates several procedural rules and Seventh Circuit law. But there is a happy medium, which the court will try to explain.

While it is acceptable for a plaintiff to bring multiple claims against a single defendant in a single case, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents

6

and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Imagine that a plaintiff has one claim against Defendants A, B, C and D, and he has an unrelated claim against Defendants A, B and E. He cannot bring both of those claims in the same lawsuit, even though both of them involve two common defendants. He could bring a single lawsuit alleging both claims against Defendants A and B—even though the claims are unrelated, they involve the same two defendants. OR he could bring two lawsuits—one alleging the claim against Defendants A, B, C and D, and a second one alleging the unrelated claim against Defendants A, B and E—even though the cases involve multiple defendants, they each involve only one claim.

An example from this case might help: The plaintiff has alleged that between January 25 and January 29, 2018, the administrative sergeant (who is not named as a defendant, unless the plaintiff meant to identify him as a John Doe) conspired with the sergeant's immediate supervisor to retaliate against the plaintiff for filing a complaint against his job. The plaintiff says that the conspiracy was completed on January 29, 2018 and that it culminated with the sergeant firing the plaintiff from his job. Dkt. No. 1 at 3, ¶¶1, 2. So far, so good. The plaintiff may bring that claim against the sergeant and the supervisor because it arises out of the same incident—the conspiracy and eventual firing of the plaintiff from his job in retaliation for filing a complaint.

But then, the plaintiff turns to a different incident, alleging that on March 15, 2021 and maybe on other dates, Humphreys issued decisions in his

7

role as warden and reviewing authority that contained false information, for the purpose of corrupting the Inmate Complaint Review System. Id. at 3, ¶3. The plaintiff says that on that same date, Salinas did the same thing in her role as a complaint examiner. Id. at 4, ¶4. It is not clear whether the plaintiff is alleging that Humphreys and Salinas were involved in the same incident. The plaintiff also says that between January 1, 2018 and April 18, 2018, Humphreys and Salinas conspired to provide false information in their decisions. Id. at 4, ¶5. While it is not clear, it appears that all three of these paragraphs together constitute a claim that over a three-month period, Humphreys and Salinas were involved in a practice of making false statements in their decisions ruling on inmate complaints.

Then, the plaintiff shifts to a third set of allegations, these against Sabish. Id. at 4, ¶¶6-7. Later in the complaint, the plaintiff makes other allegations against Sabish.

The plaintiff could file a single lawsuit about the January 25-29, 2018 series of events, naming the administrative sergeant and the sergeant's supervisor. He could file another, single lawsuit against Humphreys (and, if he is alleging they were involved in the same series of incidents, Salinas) regarding incidents of false statements between January 1, 2018 and April 18, 2018. He could file a third lawsuit against Sabish, including all the claims he has against Sabish on any date. But he can't do all those things in the same lawsuit.

Also problematic is the fact that the plaintiff gives little information about what each defendant did. Let's take the January 25-29, 2018 allegations against the administrative sergeant and his supervisor. The plaintiff says that these two conspired to retaliate against him for filing a compliant about his job, and that the conspiracy resulted in the administrative sergeant firing him from

8

his job. The plaintiff does not explain when he filed the complaint about his job or who he filed it with. He does not explain what he complained about. He does not explain how the administrative sergeant and the supervisor knew about the complaint. He does not explain how he was fired, what the administrative sergeant said or why he thinks the sergeant fired him for filing a complaint about the job. And this allegation appears to be unrelated to the allegations of false statements against Humphreys and Salinas, or to the allegations that Sabish conspired with others to have the plaintiff placed in temporary lock-up for filing complaints against staff.

The court notes that as to the plaintiff's claims against Humphrey and Salinas relating to the inmate grievance process, the plaintiff does not state a claim on which relief can be granted because a state's inmate grievance procedures do not give to a liberty interest protected by the Due Process Clause. Antonelli v Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996); see also Owens v Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) (alleged mishandling of inmate's grievances, without more, does not state claim under First Amendment or Due Process Clause); Fuller v. Dillon, 236 F.3d 876, 880 (7th Cir. 2001) (failure of corrections officials to follow state administrative rules does not implicate federal rights).

The complaint violates Rules 18 and 20 because it attempts to bring unrelated claims against multiple defendants. The court must reject the plaintiff's complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens, 635 F.3d at 952 (citing Fed. R. Civ. P. 21). Before the court steps in and decides for the plaintiff which claim(s)/defendants he may pursue in this case and which ones must be brought in separate lawsuits, the court will give the plaintiff an opportunity to

9

make that decision himself. The plaintiff may, by the deadline below, file an amended complaint that focuses on his allegations from the first, fourth, fifth or sixth incidents. Or he may file an amended complaint against one defendant, including all the claims he has against that particular defendant. The plaintiff may file separate lawsuits to address whatever claims, or defendants, he does not pursue in this lawsuit.

If by the deadline the court sets below, the plaintiff does not file an amended complaint consistent with the instructions in this decision, the court will allow the plaintiff to proceed on *only* on his allegations from the fourth incident, that is, a retaliation claim against Sabish and John/Jane Does, and the court will dismiss the other, improperly joined defendants and/or claims.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with an explanation of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form and instructions. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and

10

must be complete in itself; the plaintiff may not refer the court back to his original complaint, rather than repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order in time for the court to *receive* it by the end of the day on **September 30, 2022**. If the plaintiff does not file an amended complaint in time for the court to *receive* it by the end of the day on September 30, 2022, the court will allow him to proceed *only* on a retaliation claim against defendants Sabish and John/Jane Doe based on his fourth incident allegations and will dismiss the improperly joined defendants and/or claims.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court

11

advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of September, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**