UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                Plaintiff,

v.                                               Case No. 21-cv-1065-pp

ADMINISTRATOR DOE
and SUPERVISOR DOE,

                Defendants.

## ORDER SCREENING AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTION FOR SCREENING ORDER (DKT. NO. 10)

Plaintiff Jonathon Mark filed a complaint alleging that the defendants violated his constitutional rights when he was confined in a Wisconsin Department of Corrections (DOC) institution,[1] dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 3. The court granted the motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. In the same order, the court screened the complaint under 28 U.S.C. §1915(e)(2)(B) and found that it violated Federal Rules of Civil Procedure 18 and 20 because it attempted to bring unrelated claims against multiple defendants. Dkt. No. 6 at 9. The court gave the plaintiff an opportunity to choose which unrelated claim he wanted to pursue in this case and to file an amended complaint that focused on the related claim(s) of his choice. Id. at 10. The plaintiff has timely filed an amended complaint. Dkt. No. 9. This order

---

[1] The plaintiff is not currently incarcerated, nor was he incarcerated when he filed this case.

1

screens the amended complaint. It also grants the defendants' motion for screening order. Dkt. No. 10.

## I. Screening the Amended Complaint

### A. Standard for Screening Complaint

The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting

2

under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Plaintiff's Allegations

The plaintiff was incarcerated at the Kettle Moraine Correctional Institution at the relevant time, and he has sued John Doe "Admin. Sgt." and John Doe "Admin. Sgt.'s supervisor." Dkt. No. 9 at 2-3. He alleges that the defendants retaliated against him between January 25 and 29, 2018 for submitting an informal grievance letter "dealing with the pay rate not being equal to other photographing jobs at other institutions, and fired [him] from [his] job based solely on said grievance." Id. at 3, ¶1. John Doe Admin. Sgt. allegedly provided the grievance to John Doe Admin. Supervisor. Id. at ¶2. The plaintiff alleges that the defendants conspired to retaliate against him, and they both decided to fire him from his job. Id. at 4, ¶3.

The plaintiff sues the defendants in their individual and official capacities. Id. at 5. He seeks monetary damages and injunctive relief. Id.

C. Analysis

To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First

3

Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

The plaintiff's allegation that the defendants fired him from his prison job because he filed a grievance satisfies this standard. First, the plaintiff alleges that he engaged in First Amendment-protected activity by filing a grievance about a prison issue. See Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020). Second, the denial or loss of a prison job can deter First Amendment activity. Id. at 648 (citing McElroy v. Lopac, 403 F.3d 855, 868 (7th Cir. 2005) (assuming that taking away an incarcerated person's job could amount to a constitutional deprivation); DeWalt v. Carter, 224 F.3d 607, 618-19 (7th Cir. 2000) (holding that job removal stated a retaliation claim), abrogated on other grounds by Savory v. Cannon, 947 F.3d 409 (7th Cir. 2020). Third, the plaintiff alleges that the defendants fired him because he filed the grievance.

The plaintiff may proceed on a retaliation claim against John Doe Administrative Sergeant and John Doe Administrative Supervisor. While the plaintiff states that he also wants to proceed on a claim that the defendants conspired to retaliate against him, his allegation that "they both decided to fire me from my job" does not state a claim for conspiracy. See Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999); Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019). In any event, a claim that the defendants conspired to retaliate against the plaintiff would add nothing to his case because both defendants presumably are state

4

actors, the plaintiff alleges that both defendants retaliated against him and conspiracy is not an independent basis of liability in §1983 actions. See Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008).

Because the plaintiff does not know the names of the defendants he is suing, the court will add Warden Jon Noble of Kettle Moraine Correctional Institution as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Warden Noble is not required to respond to the amended complaint. After Warden Noble's attorney files an appearance in the case, the plaintiff may serve discovery upon Warden Noble (by mailing it to Warden Noble's attorney at the address in the attorney's notice of appearance) to ask for information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Warden Noble, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he has sued. The plaintiff may not ask Warden Noble about any other topic, and Warden Noble is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the John Doe placeholders. Once the plaintiff identifies the defendants' names, the court then will dismiss Warden Noble as a defendant.

After the defendants have had an opportunity to respond to plaintiff's amended complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the John Doe defendants within sixty days of Warden Noble's attorney filing an appearance. If he does not do so, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

## II.     Defendants' Motion for a Screening Order (Dkt. No. 10)

The court received the plaintiff's amended complaint on September 30, 2022. Dkt. No. 9. Just over thirty days later, the defendants filed a motion asking the court to screen that complaint. Dkt. No. 10. The court is obligated to screen complaints filed by persons who are proceeding *in forma pauperis*. There is no need for defendants to file a motion asking the court to do so. The court wishes that it could issue screening orders days after it receives complaints, but in most instances, the court's docket and case load prevent it from acting so quickly. Nor is it clear why the defendants are in a rush to have the court screen the amended complaint; they are under no obligation to answer or respond until the court orders them to do so. The court will grant the motion, because it now has screened the complaint, but in the future the defendants may wish to conserve their resources and expend them when they are necessary.

### III. Conclusion

The court **ORDERS** the plaintiff may proceed on a retaliation claim against Administrator Doe and Supervisor Doe based on the allegations in the Amended Complaint.

The court **GRANTS** the defendants' motion for screening order. Dkt. No. 10.

The court **ORDERS** that Kettle Moraine Correctional Institution Warden Jon Noble is named as a defendant for the limited purpose of helping the plaintiff identify the defendants' names. The court **DIRECTS** the clerk's office to amend the docket accordingly.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on Warden Noble.

The court **ORDERS** that Warden Noble is not required to respond to the amended complaint, but he must respond to discovery requests served by the plaintiff in an effort to identify the defendants' names. Warden Noble is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names within **sixty days** of Warden Noble's attorney filing an appearance in the case. If the plaintiff does not identify the defendants' names by that deadline, or

advise the court by that deadline why he is unable to do so, the court may dismiss the case based on his failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin, this 27th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**