UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

            Plaintiff,

v.                                             Case No. 21-cv-1065-pp

ADMINISTRATOR DOE,
SUPERVISOR DOE and JON NOBLE,

            Defendants.

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF DILIGENCE

Plaintiff Jonathon Mark filed a complaint alleging that the defendants violated his constitutional rights when he was confined in a Wisconsin Department of Corrections (DOC) institution,[1] dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 3. The court granted the motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. The court issued an order on January 27, 2023, screening the plaintiff's amended complaint under 28 U.S.C. §1915(e)(2)(B) and allowing him to proceed a retaliation claim against two defendants based on allegations that they fired him from his prison job because he filed a grievance. Dkt. No. 11 at 4.

Because the plaintiff does not know the names of the defendants he is suing, the court added Warden Jon Noble of Kettle Moraine Correctional

---

[1] The plaintiff currently is not incarcerated, nor was he incarcerated when he filed this case.

1

Institution as a defendant for the limited purpose of helping the plaintiff identify the names of the Doe defendants. Id. at 5. The court explained that after Warden Noble's attorney filed an appearance in the case, the plaintiff could serve discovery on Warden Noble (by mailing it to Warden Noble's attorney at the address in the attorney's notice of appearance) to ask for information that would help him identify the names of the defendants. Id. The court ordered that the plaintiff must identify the names of the Doe defendants within sixty days of Warden Noble's attorney filing a notice of appearance. Id. at 7. The court also ordered that, if the plaintiff did not do so, or did not explain to the court why he was unable to do so, the court might dismiss his case based on his failure to diligently pursue it. Id. at 7-8.

On February 3, 2023, counsel appeared for Warden Noble. Dkt. No. 12. That means that by April 4, 2023—sixty days later—the plaintiff was required to either identify the names of the Doe defendants or explain to the court why he could not do so. The plaintiff has done neither of these things; in fact, the court has not heard from the plaintiff since it received his amended complaint on September 30, 2022—seven months ago. The court's January 27, 2023 order was not returned to the court as undeliverable.

The court will dismiss the case without prejudice for lack of diligence. See Civil Local Rule 41(c) (E.D. Wis.). Because this dismissal does not address the merits of his claim, the plaintiff may refile the case subject to the applicable statute of limitations.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of April, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**